IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE BAILEY,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　　　) 　Civil Action No. 16-1759
　　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　　)

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging she has been disabled since January 1, 1995. (ECF No. 8-6, p. 2). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on March 17, 2015. (ECF No. 8-2, pp. 24-50). On June 18, 2015, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 10-19).

After exhausting all of his administrative remedies, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing Opinion Evidence as it relates to the Residual Functional Capacity ("RFC") [2]

Plaintiff asserts the ALJ erred in weighing the mental opinion evidence[3] when formulating her RFC.[4] (ECF No. 11). Specifically, Plaintiff argues that the ALJ erred in discounting the opinions of her treating psychiatric nurse practitioner, Dana Smith CRNP, and the consultative psychological examiner, Dr. Patel. (ECF No. 11). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] Plaintiff does not take issue with the physical opinion evidence. *See,* ECF No. 10. As a result, my discussion is limited to the mental opinion evidence.

[4] The ALJ found that Plaintiff has the RFC to perform light work but with certain limitations. (ECF No. 8-2, p. 14).

3

addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff did not have a treating psychologist. Her treatment during the relevant time was limited to a nurse practitioner, Dana Smith, CRNP. Nurse practitioners and therapists are not "acceptable medical sources." SSR 06-3p. Nurse practitioners and therapists are considered "other sources." *Id.* Information from "other sources" cannot establish impairment, but can provide insight into the severity of the impairment and how it affects the individual's ability to function. *Id.* Thus, an ALJ is required to consider the same. Here, the ALJ specifically pointed out that nurse Smith is not an acceptable medical source and appropriately considered the opinion of treating nurse Smith[5] as an "other source." (ECF No. 8-2, p. 17).

An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). In this case, the ALJ did just that. She gave nurse Smith's opinions set forth in a medical source statement little weight because it was internally inconsistent, inconsistent with other medical evidence of record, and inconsistent with Plaintiff's activities of daily living. *Id.* After a review of the record, I find the reasons given by the ALJ in weighing these opinions to be valid and appropriate (internally inconsistent and inconsistent with other evidence of record). *See,*

---

[5] Plaintiff suggests that the ALJ failed to consider nurse Smith's longitudinal treating relationship with Plaintiff. (ECF No. 11, p. 8). The ALJ referred to nurse Smith as "[a] treating nurse practitioner," which inherently implies a treating longitudinal relationship of some sort. (ECF No. 8-2, p. 17). Thus, I find no merit to this argument.

20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).   Furthermore, I find the reasons to be sufficiently explained and supported by substantial evidence. (ECF No. 8-2, pp. 14-18). Therefore, I find no error in this regard on the part of the ALJ.[6]

With regard to the consulting examiner, Dr. Patel, the ALJ gave his opinion partial weight, in part, because it "appears to rely heavily on the subjective report of symptoms and limitations provided by the claimant," and because it was inconsistent with other medical evidence of record and Plaintiff's activities of daily living.  (ECF No. 8-2, p. 17).   Again, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter,* 642 F.2d at 705.  After a review of the record, I find the reasons given by the ALJ in weighing Dr. Patel's opinions to be valid and appropriate.  *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find the reasons to be sufficiently explained and supported by substantial evidence. (ECF No. 8-2, pp. 14-18).    Therefore, I find no error in this regard on the part of the ALJ.[7]

Consequently, remand is not warranted. An appropriate order shall follow.

---

[6] Plaintiff seems to suggest that the ALJ erred in rejecting the opinions of nurse Smith (and Dr. Patel) because there is evidence to support her position that nurse Smith's opinions were consistent with other evidence of record.    (ECF No. 10).   To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989).   Thus, this support for Plaintiff's argument is misplaced.

[7] Plaintiff points out that the ALJ discounted Dr. Patel's opinion because it was based on "an isolated examination."  (ECF No. 11, pp. 12-13).  I agree with Plaintiff that such a reason for discounting a consulting examination defeats the purpose of a consulting examination.   The ALJ, however, did not discount Dr. Patel's opinion for that reason alone.   As set forth above, the ALJ specifically set forth various other appropriate reasons for discounting Dr. Patel's opinion that were supported by substantial evidence. Therefore, I find no reason to remand on this basis.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE BAILEY,

    Plaintiff,

-vs-    Civil Action No. 16-1759

NANCY A. BERRYHILL,[8]
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 1st day of February, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[8] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.